UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRISHA PRESTON and MICHAEL PRESTON,
Individually and As Parents and Natural Guardians
of AP, an Infant,

                                      Plaintiffs,

                                                                                    ORDER

                                                                                    11-CV-6420L

                                      v.

HILTON CENTRAL SCHOOL DISTRICT, BRIAN
BARTALO, DANA BOSHNACK, BRAD HELMER,
TAIT LOE, ANN FREY, ANN MARIE MADCONALD
and EILEEN COWEY,

                                      Defendants.
_____

      The plaintiffs' motion to seal all pleadings and records in this action (Dkt. #2) is denied.

      The well-established presumption of accessibility to court documents is reflected in Local Rule 5.3(a) which states that "there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." *See also Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 26 (2d Cir. 1994) ("[C]ourts have recognized a strong presumption of public access to court records. This preference for public access is rooted in the public's first amendment right to know about the administration of justice") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).

      While this presumption of access can be overcome by a number of countervailing interests, such as preserving a defendant's right to a fair trial or a third party's privacy interests, *see, e.g.*, *Stephanski v. Goord*, No. 02-CV-562F, 2005 WL 711628, at *1-*2 (W.D.N.Y. Mar. 29, 2005), the Second Circuit has emphasized that a district court "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to seal court records. *Orion Pictures*, 21 F.3d at 27.

Although I do recognize that the action involves a minor as the alleged victim, nevertheless, since the victim has been removed from the defendant school district, I believe that there are countervailing reasons why total sealing of the entire file is not warranted. I do not believe plaintiffs have presented sufficient facts to overcome the presumption of openness and public access to judicial proceedings, especially since the defendant is not a private party but is a school district that allegedly allowed employees to engage in impermissible conduct. The public, then, has some interest in having access to such a proceeding concerning the claims alleged and the Court's handling of such a matter.

Plaintiffs may, however, elect to proceed anonymously using pseudonyms or initials to protect the privacy of themselves and the infant plaintiff.

## CONCLUSION

Plaintiffs' motion to seal the entire file and records (Dkt. #2) is denied, but plaintiffs are granted leave to proceed anonymously using pseudonyms or initials.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 12, 2011.